BORRETT–MOORE & ASSOCIATES and Maryland Casualty Company, Appellants,

v.

UNITED STATES of America, For the Use of James P. HARWELL, doing business as J. S. & H. Construction Company, Appellees.

No. 8392.

United States Court of Appeals Tenth Circuit.

Sept. 20, 1966.

Michael L. Keleher, Albuquerque, N. M. (W. A. Keleher, T. B. Keleher and John B. Tittmann, Albuquerque, N.M., with him on brief), for appellants.

Mary Walters, of Toulouse, Ruud, Gallagher & Walters, Albuquerque, N. M. for appellees.

Before MURRAH, Chief Judge and JONES* and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

James P. Harwell, d/b/a J. S. & H. Construction Company, brought this action under the Miller Act, 40 U.S.C. §§ 270a–270d (1952), against Borrett-Moore & Associates, a co-partnership composed of George Ross O. Borrett and Sam T. Moore, and Maryland Casualty Company, a corporation, to recover the reasonable value of labor furnished Borrett-Moore at Los Alamos, New Mexico, on a government contract. Borrett-Moore was the prime contractor for the construction of an A.E.C. facility and Maryland Casualty was its payment bond surety. J. S. & H. agreed to provide the labor for the erection of the steel required in the job and was to receive progress payments for each month's labor. J. S. & H. submitted claims to Borrett-Moore from time to time, but was not paid in full. After some disagreement, a meeting was arranged in July, 1963, and the court found on conflicting evidence that Borrett-Moore agreed to pay J. S. & H. on or before September 15, 1963. Payment was not made and J. S. & H. left the job. The trial court found from the evidence presented that J. S. & H. was entitled to receive progress payments as billed and

* Of the Fifth Circuit, sitting by designation.

that he was justified in leaving the job on September 17, 1963.

Appellant filed a counter-claim seeking to set off and recover against appellee the amount they were required to expend to complete the steel work.

The court dismissed the counter-claim and gave judgment to the appellee for the reasonable value of appellee's labor upon the project less the amount that had been paid.

Appellant complains (1) that a substantial breach of the subcontract must be shown before appellee can recover; (2) that appellant should have recovered against appellee on the counter-claim because the subcontractor or appellee was relieved of the job.

■ The trial court found against the appellant on both contentions. It found, upon conflicting testimony regarding the agreement of July, 1963, that the appellee was justified in terminating his employment. The nature of the agreement was in dispute, but it is clear that payment was never made. This finding, having been made on conflicting evidence and not clearly erroneous, may not be set aside on appeal. Fed.R.Civ.P. 52(a), 28 U.S.C.; St. Paul Mercury Indemnity Company v. United States, 238 F.2d 917, 922 (10th Cir. 1957); Wunderlich Contracting Company v. United States, 240 F.2d 201, 203 (10th Cir. 1957).

■ "The Miller Act * * * ✱is highly remedial in nature. It is entitled to a liberal construction and application in order [to] properly effectuate the Congressional intent to protect those whose labor and materials go into public projects." "Ostensibly the payment bond · is for the protection of 'all persons supplying labor and material in the prosecution of the work' and 'every person who has furnished labor or material in the prosecution· of the work' is given the right to sue on such payment bond." McEvoy Co. v. United States, 322 U.S. 102, 107, 64 S.Ct. 890, 893, 88 L.Ed. 1163 (1944).

The court, having found on conflicting evidence that appellee on his own volition withdrew his performance and was justified, settles the matter.

Affirmed.